UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                  Case No. 3:17-cr-374

           Plaintiff,

v.                                                        ORDER

Bruce Bolinsky,

           Defendant.

Defendant Bruce Bolinsky has filed a motion for release on bond pending appeal, pursuant to 18 U.S.C. § 3143. (Doc. No. 133). The government has filed a brief in opposition to Bolinsky's motion, arguing that Bolinsky's March 4, 2022 notice of appeal divests this court of jurisdiction to hear the motion for release. (Doc. No. 134).

Under § 3143, "the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
>
>> (i) reversal,
>>
>> (ii) an order for a new trial,
>>
>> (iii) a sentence that does not include a term of imprisonment, or

> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."

18 U.S.C. § 3143(b).

While the government argues this court lacks jurisdiction to hear Bolinsky's motion for bond, courts have construed the phrase "the judicial officer" to include "federal district and appellate judge and Justices." *United States v. Snyder*, 946 F.2d 1125, 1126 (5th Cir. 1991); *see also United States v. Katsma*, 147 F. App'x 561, 563 (6th Cir. 2005) (observing district court's denial of defendant's motion for bond pending appeal). I conclude this court has jurisdiction to hear Bolinsky's motion.

I also conclude Bolinsky has failed to carry his burden of proving release is appropriate under the statute. Section 3143 requires Bolinsky to show his appeal "raises a substantial question of law or fact likely to result in . . . reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B)(i)-(iv).

Bolinsky argues his "appeal presents a close question or one that could go either way that is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." (Doc. No. 133 at 5). But Bolinsky does not identify any trial errors. Instead, he argues only that his sentence is procedurally and substantively unreasonable and that his trial attorneys were ineffective when they failed to lodge certain objections to the presentence investigation report. (*Id.* at 3). There is no reason to think Bolinsky's appeal would result in the reversal of his conviction or an order for a new trial.

Further, even if Bolinsky's appeal is successful – a subject on which, for the purposes of this motion, I offer no opinion – he asserts his advisory Guideline range would be 87-108 months. (*Id.* at 5). Again, even if I assume this hypothetical sentencing range is correct, there is no reason to think his appeal would result in a sentence that does not include a term of imprisonment or a

reduced sentence that would be less than the time he has served plus the expected duration of the appeal process.

For these reasons, I conclude Bolinsky has failed to carry his burden and deny his motion for bond pending appeal. (Doc. No. 133).

So Ordered.


                                             s/ Jeffrey J. Helmick
                                             United States District Judge